IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CATHERINE LANGELLA, )
)
    Plaintiff )
)
vs. ) Civil Action No. 09-311E
)
THE COUNTY OF MCKEAN et al., )
)
    Defendants )
)

## OPINION

Pending before this Court is Defendants' "Motion for Protective Order" [ECF #42]. By this Motion Defendants seek a Protective Order from the Court that states that John Egbert, former McKean County Commissioner, Michael Olearchick, McKean County MH counselor, Connie Carr, McKean County Jail Corrections Officer, Jody Fitzsimmons, McKean County Jail Corrections Officer, and Brandy Colley, McKean County Jail Corrections Officer, need not respond to Interrogatories posed to them by Plaintiff; these Interrogatories are attached as exhibits to the Motion.

In support of their Motion, Defendants explain that they have already: (1) served answers and objections to Plaintiff's First Set of Interrogatories to Defendant Woodruff and "[i]n those discovery responses, the Defendants answered a total of 30 questions comprised of 22 enumerated questions and all discrete subparts;" (2) served answers and objections to Plaintiff's Request for Production of Documents, which totaled 15 enumerated Requests for Production; and (3) served answers and objections to Plaintiff's First Set of Interrogatories to McKean County and the McKean County Prison Board and that their "Answers and Objections responded

to approximately 32 questions, comprised of 23 enumerated questions plus their discrete subparts. Motion, ¶¶ 2-4.

Defendants first argue that because Plaintiff has served more than 25 written Interrogatories, including all discrete subparts, on the Defendants in violation of Fed.R.Civ.P. 33(a)(1), Mr. Egbert, Mr. Olearchick, Ms. Carr, Ms. Fitzsimmons, and Ms. Colley should not have to respond to Plaintiff's Interrogatories at all. Id. at ¶ 10. Alternatively, Defendants argue that if we find that Plaintiff has not violated Fed.R.Civ.P. 33(a)(1), or if we grant Plaintiff permission to serve the discovery requests, then they are entitled to a Protective Order with respect to Interrogatories 5, 6, 8, 9, 12 and 14-22 directed to Mr. Egbert, and with respect to Interrogatories 4- 8 directed to Mr. Olearchick, because these interrogatories are not related to Plaintiff's claims in the instant matter, are sought in bad faith, and are asked in order to harass and annoy the Defendants, Mr. Egbert and Mr. Olearchick. Id. at ¶ 12.

In response, Plaintiff contends that the Interrogatories in question do not violate Fed.R.Civ.P. 33(a)(1), that the information sought is relevant and material to her claims, and that the interrogatories were not propounded in bad faith or with the intent to harass or annoy the Defendants, their agents and servants. Plaintiff's Response to Defendants' Motion for Protective Order. Plaintiff further contends that the responses to the Interrogatories placed at issue by Defendants' Motion were past due, that Plaintiff had written to defense counsel requesting timely responses, and that this Motion was filed only to avoid complying with the response deadline. Id.

Fed.R.Civ.P. 33(a)(1) provides: "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with

2

Rule 26(b)(2)." While Plaintiff has served more than 25 written Interrogatories, including all discrete subparts, on Defendants and Plaintiff has not requested leave to serve Interrogatories in excess of those permitted by the Federal Rules of Civil Procedure, we will order Mr. Egbert, Mr. Olearchick, Ms. Carr, Ms. Fitzsimmons, and Ms. Colley to answer the Interrogatories posed to them by Plaintiff with the following exceptions.

    Fed.R.Civ.P. 26 (b)(1) explains the scope of discovery in general:

    Unless otherwise limited by court order, the scope of discovery is as follows:
    Parties may obtain discovery regarding any nonprivileged matter that is relevant
    to any party's claim or defense--including the existence, description, nature,
    custody, condition, and location of any documents or other tangible things and the
    identity and location of persons who know of any discoverable matter. For good
    cause, the court may order discovery of any matter relevant to the subject matter
    involved in the action. Relevant information need not be admissible at the trial if
    the discovery appears reasonably calculated to lead to the discovery of admissible
    evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

With respect to Interrogatories 4 through 8 addressed to Mr. Olearchick, we find that none of the information sought by Plaintiff in those interrogatories is relevant to her claims against the Defendants other than the part of question 4 wherein Plaintiff asks: "Did you ever have occasion to meet with Plaintiff . . . for the purpose of marital and/or mental health counseling during your employment with The Guidance Center? If so, in what capacity did you meet with . . . Plaintiff . . . ?" Therefore, Mr. Olearchick need not answer Interrogatories 4 through 8 other than the part of Interrogatory 4 quoted above. Further, with respect to Interrogatories 5, 6, 8, 9, 12, 14, 15, 16, 17, 18, 19, 20, 21, and 22 addressed to Mr. Egbert, we find that none of the information sought by Plaintiff by those interrogatories is relevant to her claims against the Defendants. Accordingly, Mr. Egbert need not answer Interrogatories 5, 6, 8, 9, 12, 14, 15, 16, 17, 18, 19, 20, 21, and 22.

An appropriate Order will follow.

S/Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
April 8, 2011                                                        Senior District Court Judge