IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CATHERINE LANGELLA,

    Plaintiff

vs.                     Civil Action No. 09-311E

THE COUNTY OF MCKEAN et al.,

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending before this Court is Plaintiff's "Motion to Compel Compliance and Production of Discovery" by Defendants County of McKean, McKean County Prison Board, and Timothy Woodruff [ECF # 34]. In her Motion to Compel, Plaintiff asks this Court to "direct [defense counsel], on behalf of his clients, to immediately produce the requested, overdue discovery, and to contact Plaintiff to schedule the depositions of both Timothy Woodruff and Plaintiff's husband, Ronald Langella." Plaintiff's Motion, WHEREFORE Clause. For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

### I. Depositions.

With respect to the depositions of Misters Woodruff and Langella Plaintiff asserts:

> Plaintiff wrote to Mr. Carey on January 20, 2011, asking that Mr. Carey have his secretary contact Plaintiff to schedule the depositions of both Defendant Timothy Woodruff and Plaintiff's husband Ronald Langella.
>
> Plaintiff has repeatedly asked Mr. Carey to respond to her letter of January 21, 2011, with respect to the scheduling of these depositions, and Mr. Carey is very evidently "ignoring" Plaintiff's letters again, as he previously told this Court.

Plaintiff's Motion, ¶¶ 9-10.

Defendants admit that Plaintiff sent Mr. Carey a letter asking him to have his secretary contact Plaintiff to schedule the depositions and that he did not respond to Plaintiff's request. Defendants' Response to Plaintiff's Motion to Compel Compliance and Production of Discovery ("Defendants' Response"), ¶¶ 9-10. Defendants further explain that the early neutral evaluation of this matter has not yet occurred[1] and that Defendants have just finalized and served their answers to the Plaintiff's Interrogatories Directed to McKean County and the McKean County Prison Board thereby completing their answers to Plaintiff's written discovery. Id. at ¶ 10.

We agree with Plaintiff that Defendants should have replied to her request to schedule the deposition, even if only to explain to Plaintiff that they did not want to schedule the depositions until after the early neutral evaluation had occurred and they had responded to Plaintiff's initial requests for written discovery. Therefore, Plaintiff's Motion to Compel shall be granted to the extent it is premised upon the contention that Defendants should be ordered to contact her with respect to scheduling these depositions. If they have not done so already, Defendants are to contact Plaintiff about scheduling the depositions of Defendant Woodruff and Mr. Langella within (7) days of the date this Memorandum Opinion and Order is entered.

**II. Overdue Discovery.**

With respect to Plaintiff's request that this Court order Defendant County of McKean to answer the Interrogatories she has posed to it, Plaintiff has not complied with the mandate of Local Civil Rule 37.2 which states that "[a]ny discovery motion filed pursuant to Fed.R.Civ.P. 26 through 37 shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion" in that she did not provide with her Motion to Compel a copy of the Interrogatories submitted to

---

[1] The docket in this action shows that the early neutral evaluation has since occurred [ECF #41].

Defendant County of McKean. "Despite h[er] pro se status, plaintiff must follow the Federal Rules of Civil Procedure, and the Local Rules of this court." Tarr v. Fedex Ground Package System, Inc., 2010 WL 331846, *10 (citations omitted). Absent compliance with Local Rule 37.2 we cannot grant Plaintiff's Motion to Compel Defendant County of McKean to answer the Interrogatories posed to it. Moreover, on March 2, 2011, Plaintiff filed a second "Motion to Compel Discovery" [ECF #37]; in that motion, Plaintiff explains that Defendants County of McKean and McKean County Prison Board served Plaintiff with their Answers and Objections to her Interrogatories on March 1, 2011.

AND NOW, this 30th day of April, 2011, it is hereby ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion to Compel Compliance and Production of Discovery by Defendants County of McKean, McKean County Prison Board, and Timothy Woodruff [ECF #34] is GRANTED to the extent that it requests an order compelling Defendants to contact Plaintiff about scheduling the depositions of Defendant Timothy Woodruff and Ronald Langella; if they have not done so already, Defendants are to contact Plaintiff about scheduling the depositions of these gentlemen within (7) days of the date this Memorandum Opinion and Order is entered.

It is further hereby ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion to Compel Compliance and Production of Discovery by Defendants County of McKean, McKean County Prison Board, and Timothy Woodruff [ECF #34] is DENIED to the extent it requests an order compelling Defendant County of McKean to answer the Interrogatories submitted to it by Plaintiff.

Maurice B. Cohill, Jr.
Senior District Court Judge